UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-02208-REB

ALVIN GUTIERREZ,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER REVERSING DISABILITY DECISION
## AND REMANDING TO COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed October 19, 2007, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of a post traumatic stress disorder ("PTSD") relating to his military service in Vietnam.[1] After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative

---

[1] Although plaintiff also alleged at the administrative level that he was disabled as a result of certain physical impairments, he does not contest on appeal the ALJ's finding that those conditions were not disabling.

law judge. This hearing was held on November 6, 2006. At the time of the hearing, plaintiff was 57 years old. He has an associates degree in business management and has past relevant work experience as a kitchen helper, cashier, janitor, and printer. He has not engaged in substantial gainful activity at any time relevant to the ALJ's decision.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from a severe mental impairment, the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform work does not require more than occasional interaction with supervisors, co-workers, or the general public. The ALJ concluded that plaintiff could not return to his past relevant work, but that there were other jobs that existed in significant numbers in the national economy he could perform. She, therefore, found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of

2

a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that

3

the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erroneously evaluated the medical opinions of record regarding his mental residual functional capacity and that her determination in that regard, therefore, is not supported by substantial evidence. I agree and reverse.

4

The record contains two competing evaluations of plaintiff's mental residual functional capacity. Dr. Robert B. Goos, who became plaintiff's treating psychiatrist in February, 2005, noted in May, 2006, that plaintiff's PTSD caused "[e]motional extremes," "irritability and anger, and even paranoia." He believed that plaintiff's "intrusive memories, anxiety and depression would make focus on work nearly impossible," and further that plaintiff's "current level depression, with suicidal tendencies, would negatively impact ability to work also." (Tr. 426.) He stated that plaintiff suffered from "marked" difficulties in maintaining social functioning and "marked" deficiencies in concentration, persistence, and pace, and that he "[r]eally has been in [a] decompensated state from these chronic mental disorders most of last year." (Tr. 428.)

However, because plaintiff's eligibility for disability insurance benefits expired March 31, 1999, and his alleged date of onset was March 30, 1999, the relevant question before the ALJ was whether plaintiff was disabled on or before that date. Therefore, plaintiff's attorney asked Dr. Goos to opine as to whether these same limitations existed as of plaintiff's date last insured. Dr. Goos responded that they did. His "[r]eview of [plaintiff's] medical records . . . show[ed] similar symptom pattern and level of function," and he cited in particular to a March 19, 1999, treatment note from plaintiff's then-therapist, who "noted anger, isolation, difficulties concentrating, ruminating on Vietnam, staying home all day." He further stated that "[n]otes just prior to this and later in the summer show similar psychological and functional profiles. In my professional opinion, he appears to have been suffering from severe limitations from his PTSD." (Tr. 423.)

A state agency psychiatrist who also reviewed the record evidence, Dr. Richard

5

B. Garnard, reached a different conclusion. He concluded that plaintiff suffered from "marked" limitations only in his ability to accept instructions and respond appropriately to criticism from supervisors, but that he otherwise was no more than moderately limited in any other area of mental functionality related to his ability to work. (Tr. 324-325.) He stated that plaintiff could "follow simple instructions, sustain ordinary work routines, and make simple work-related decisions." Although plaintiff could not "work closely with supervisors or coworkers," he could "accept supervision and relate to coworkers if contact is not frequent or prolonged." (Tr. 326.)

Between these two competing opinions, the ALJ gave "little weight" to that of Dr. Goos and "great weight" to that of Dr. Garnard. Although there was nothing amiss with the ALJ's determination that Dr. Goos's opinion was not entitled to be weighted as a treating source opinion in this instance,[2] since he merely reviewed medical records (Tr. 19), it essentially left her with two divergent but otherwise equal reviewing source opinions. While generally conflicts in the evidence are for the ALJ to resolve, **Reyes v. Bowen**, 845 F.2d 242, 245 (10th Cir. 1988); **Gleason v. Apfel**, 1999 WL 714172 at *4 (D. Kan. Sept. 1, 1999), the ALJ's failure in this instance to adequately explain her reasons for her choice between Dr. Goos's and Dr. Garnard's opinions makes it impossible to determine whether her decision in supported by substantial evidence.[3]

---

[2] The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); **Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. **Watkins**, 350 F.3d at 1301.

[3] The Commissioner argues that Dr. Goos's retrospective opinion regarding plaintiff's mental functioning in 1999 is insufficient to support a claim for disability. This argument misses the mark. A retrospective *diagnosis* is insufficient to establish an entitlement to benefits, absent additional evidence of

6

The reasons the ALJ gave for affording little weight to Dr. Goos's opinion are not supportable. For instance, she noted that the records on which Dr. Goos relied were based on plaintiff's own subjective reports of his symptoms (Tr. 19), but the mere fact that a medical report is based on plaintiff's subjective reports is not in itself sufficient to undermine an otherwise proper opinion. *See Nieto v. Heckler*, 750 F.2d 59, 60-61 (10th Cir. 1984). The ALJ further noted that on March 19, 1999, plaintiff was told to return for another appointment in two weeks, but he did not. (Tr. 19.) However, there is no record that such an appointment was ever actually scheduled or that plaintiff failed to keep a scheduled appointment. Coupled with the fact that plaintiff did continue in therapy thereafter, the ALJ's negative inference from this alleged "fact" is highly suspect. In addition, the ALJ's notation that plaintiff was not in therapy (Tr. 19) is belied by the record, which shows that plaintiff has been treated for PTSD on and off for many years.[4]

Moreover, these same alleged infirmities with the underlying medical evidence from the relevant time period undoubtedly infected Dr. Garnard's opinion as well. Yet the ALJ gave *no* reason for affording that opinion "great weight," not even a boilerplate

---

actual disability during the relevant time frame. ***Flint v. Sullivan***, 951 F.2d 264, 267 (10th Cir. 1991); ***Potter v. Secretary of Health & Human Services***, 905 F.2d 1346, 1348-49 (10th Cir. 1990). Dr. Goos's opinion is not a mere diagnosis, but an assessment of plaintiff's mental functional capacity prior to his date last insured.

[4] Perhaps the ALJ meant to suggest that plaintiff was not under the care of a psychiatrist prior to his date last insured, but her failure to say as much makes it impossible to review this statement further. Moreover, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." ***Blakenship v. Bowen***, 874 F.2d 1116, 1124 (6th Cir. 1989).

incantation that it was consistent with the medical evidence as a whole.[5] (*See* Tr. 19.) I cannot intelligently review the Commissioner's decision where the ALJ has so thoroughly failed to articulate the rationale for her disability finding. ***See Watkins v. Barnhart***, 350 F.3d 1297, 1300 (10th Cir. 2003); ***Bolan v. Barnhart***, 212 F.Supp.2d 1248, 1262 (D. Kan. 2002).[6] Although the Commissioner claims that the opinion is otherwise supported by substantial evidence, it would be improper to adopt his *post hoc* rationalizations when no such basis is explicitly, or even implicitly, found in the ALJ's opinion.[7] ***See Grogan v. Barnhart***, 399 F.3d 1257, 1263 (10th Cir. 2005).

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Reevaulate the opinions of Drs. Goos and Garnard, articulating legitimate reasons specifically tied to the evidence of record for the relative weight afforded to each;

   b. Recontact any treating, consultative, or reviewing source for further clarification of their findings, seek the testimony of medical experts,

---

[5] Which recitation would not have been sufficient by itself to support the choice of Dr. Garnard's opinion over Dr. Goos's in any event. ***See Hardman v. Barnhart***, 362 F.3d 676, 679 (10th Cir. 2004) (noting that a "conclusion in the guise of findings" cannot constitute substantial evidence).

[6] Moreover, it strikes this court as odd that there was no exploration at the administrative level as to whether plaintiff's drug and alcohol addictions may have been a contributing factor material to the finding of disability, especially since Dr. Garnard considered plaintiff's mental impairments under section 12.09 of the listings, which addresses substance abuse disorders. (Tr. 328.) ***See also Drapeau v. Massanari***, 255 F.3d 1211, 1214-15 (10th Cir. 2001).

[7] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

order subsequent consultative examinations, or otherwise further develop the record as she deems necessary;

c. Reevaluate plaintiff's mental residual functional capacity; and

d. Reassess the disability determination.

Dated December 15, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**